IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge Christine M. Arguello

Civil Action No. 1:20-cv-01489-CMA-SKC

CORALEE TRAURIG,

    Plaintiff,

v.

OWNERS INSURANCE COMPANY,

    Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR PARTIAL DISMISSAL**

---

This matter is before the Court on Defendant Owners Insurance Company's Motion for Partial Dismissal of Plaintiff's Complaint ("Motion"). (Doc. # 10.) The Court has reviewed the Motion and related briefing and has determined that no hearing is necessary. For the following reasons, the Court grants the Motion.

**I.     BACKGROUND**

This case arises from a motor vehicle accident that occurred on October 1, 2018.[1] (Doc. # 5 at ¶ 6.) On that date, Plaintiff Coralee Traurig was a passenger in a 2015 Honda Civic traveling westbound on East Uintah Street in Colorado Springs, Colorado. (*Id*.) At the same time, Steven Urban, a non-party to this case, was driving behind Plaintiff. (*Id*. at ¶ 7.) When Plaintiff's vehicle slowed to stop for traffic, Mr. Urban

---

[1] For the purposes of deciding the instant Motion, the Court accepts the well-pleaded facts in the Complaint as true and views the allegations in the light most favorable to Plaintiff. *Casanova v. Ulibarri*, 595 F.3d 1120, 1124–25 (10th Cir. 2010).

1

failed to stop and rear-ended Plaintiff's vehicle. (*Id*. at ¶ 8.) Colorado Springs Police cited Mr. Urban for following too closely. (*Id*. at ¶ 10.) Plaintiff alleges she sustained severe injuries requiring medical care and treatment including, but not limited to, mild traumatic brain injury, tinnitus, cervical spine strain, lumbar spine strain, and emotional distress. (*Id*. at ¶ 11.)

Mr. Urban's Allstate insurance policy provided liability coverage up to $25,000. (*Id*. ¶ 14.) After obtaining written consent from Defendant as its insured, Plaintiff accepted the full policy limits tendered by Allstate, which Plaintiff alleges failed to fully compensate her for her losses. (*Id*. at ¶¶ 15–16.)

At the time of the accident, Plaintiff was the insured under a policy issued by Defendant that provided underinsured motorist benefits in the amount of $100,000 per person and $300,000 per occurrence. (*Id*. at ¶ 13.) On December 30, 2019, Plaintiff sought coverage under that policy by requesting Defendant complete a benefits evaluation. (*Id*. at ¶ 19.) She accompanied her request with supporting documentation including, but not limited to, medical bills and records. (*Id*.)

Plaintiff sued Defendant in state district court, alleging that Defendant "has failed to reasonably evaluate all aspects of Plaintiff's claim, and in turn has failed to evaluate and pay a reasonable amount of Plaintiff's underinsured motorist benefits." (*Id.* at ¶ 20.) In her Complaint, Plaintiff brings three claims for relief: (1) common law bad faith breach of insurance contract; (2) statutory bad faith under Colo. Rev. Stat. §§ 10-3-1115 and -1116; and (3) breach of contract. *See generally* (Doc. # 5). Defendant removed the matter to this Court based on the Court's diversity jurisdiction under 28 U.S.C. § 1332(a). (Doc. # 1.)

On June 2, 2020, Defendant filed the instant Motion for Partial Dismissal of Plaintiff's Complaint Pursuant to Fed. R. Civ. P. 12(b)(6), in which it seeks dismissal of Plaintiff's common law and statutory bad faith claims. (Doc. # 10.) Plaintiff filed a Response (Doc. # 13), and Defendant filed a Reply (Doc. # 22).

## II.     STANDARD OF REVIEW

Federal Rule of Civil Procedure 12(b)(6) provides that a defendant may move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted." *Dubbs v. Head Start, Inc.*, 336 F.3d 1194, 1201 (10th Cir. 2003) (citations and quotation marks omitted).

"A court reviewing the sufficiency of a complaint presumes all of [a] plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall*, 935 F.2d at 1198. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is **plausible** on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasis added) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Plausibility, in the context of a motion to dismiss, means that the plaintiff pleaded facts which allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The *Iqbal* evaluation requires two prongs of analysis. First, the court identifies "the allegations in the complaint that are not entitled to the assumption of truth," that is, those allegations which are legal conclusion, bare assertions, or merely

conclusory. *Id*. at 679–81. Second, the court considers the factual allegations "to determine if they plausibly suggest an entitlement to relief." *Id*. at 681. If the allegations state a plausible claim for relief, such claim survives the motion to dismiss. *Id*. at 679.

However, the court need not accept conclusory allegations without supporting factual averments. *Southern Disposal, Inc. v. Texas Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Nor does the complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (citation omitted).

### III.   DISCUSSION

**A.   COMMON LAW BAD FAITH CLAIM**

In its Motion to Dismiss, Defendant argues that Plaintiff has not pleaded specific factual allegations sufficient to support her claim for common law bad faith. (Doc. # 10 at 5–6.) This Court agrees.

To state a common law insurance bad faith claim, the insured "'must prove that (1) the insurer's conduct was unreasonable, and (2) the insurer either had knowledge of or reckless disregard for the fact that its conduct was unreasonable.'" *Drobek v. Government Employees Ins. Co.*, No. 16-cv-02512-MSK-NYW, 2017 WL 11546217, at *8 (D. Colo. March 6, 2017) (citing *Kisselman v. Am. Family Mut. Ins. Co.*, 292 P.3d 964, 970 (Colo. App. 2011)). "'Whether an insurer has in bad faith breached its duties to

4

an insured is a question of reasonableness; in other words, would a reasonable insurer under the circumstances have denied or delayed payment of the claim under the facts and circumstances.'" *Id*. (citing *TAF, L.L.C. v. Hartford Fire Ins. Co.*, 549 F. Supp. 2d 1282, 1289 (D. Colo. 2008)).

Plaintiff's Complaint fails to plausibly allege either element of a common law bad faith claim. Although Plaintiff alleges certain facts regarding the underlying car accident, the existence of the insurance policy between the parties, and Plaintiff's December 30, 2019 request for benefits, her Complaint is completely devoid of factual allegations concerning Defendant's conduct. Notably, Plaintiff fails to allege any specific actions or omissions by Defendant. Instead, she generically alleges that

> [u]pon information and belief, Defendant Owners has failed to reasonably evaluate all aspects of Plaintiff's claim, and in turn has failed to evaluate and pay a reasonable amount of Plaintiff's underinsured motorist benefits.

The Complaint then devolves into threadbare recitals of the basic elements of a common law bad faith claim:

> 22. Plaintiff and Defendant Owners entered into a contract for insurance as identified herein, whereby Defendant Owners provided underinsured motorist coverage to Plaintiff and promised to pay underinsured motorist benefits to Plaintiff in exchange for Plaintiff's payment of premiums.
>
> 23. Defendant Owners acted unreasonably in failing to timely and reasonably pay the underinsured motorist benefits to Plaintiff arising from treatment that Plaintiff received that was directly related to the injuries sustained in the subject collision, and by continuing to deny and delay payment.
>
> 24. Defendant Owners knew that its conduct described above was unreasonable or recklessly disregarded the fact that its conduct described was unreasonable.
>
> 25. As a direct and proximate result of Defendant Owner's bad faith conduct, Plaintiff has sustained injuries, damages, and losses.

5

> 26. Defendant Owners' conduct described above was unreasonable and further violated C.R.S. § 10-3-1104(1)(h) (II), (III), (V), (VI).

(Doc. # 5 at ¶¶ 20, 23–25.)

Plaintiff's allegations constitute mere "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" and are, therefore, not entitled to the presumption of truth. *Iqbal*, 556 U.S. at 678. Plaintiff's remaining factual allegations, which have no bearing on Defendant's conduct, fail to plausibly state a claim. A complaint cannot survive a motion to dismiss "if it tenders naked assertion[s] devoid of further factual enhancement." *Id.* (citation omitted). Consequently, Plaintiff fails to plausibly plead a common law bad faith claim, and the Motion is granted as to this claim.[2]

**B.    STATUTORY UNREASONABLE DELAY AND DENIAL CLAIM**

A statutory bad faith claim is a distinct cause of action separate from a common law bad faith claim. *Vaccaro v. Am Family Ins. Group*, 275 P.3d 750, 756 (Colo. App. 2012). Unlike common law bad faith, the statutory claim requires only a showing that the insurer unreasonably delayed or denied payment of the claim. Colo. Rev. Stat. § 10-3-

---

[2] In her Response, Plaintiff offers additional factual allegations not alleged in her Complaint. It is well established that a plaintiff "cannot amend her complaint by adding factual allegations in response to [a defendant's] motion to dismiss." *See, e.g.*, *Abdulina v. Eberl's Temp. Servs., Inc.*, 79 F. Supp. 3d 1201, 1206-07 (D. Colo. 2015) (citing *Jojola v. Chavez*, 55 F.3d 488, 494 (10th Cir.1995) (holding that a court is limited to assessing the legal sufficiency of the allegations contained within the four corners of the complaint)). The Court may, at its discretion, consider a document that "is referred to in the complaint and is central to the plaintiff's claim." *See GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997). However, the Court finds that Plaintiff's vague reference to unspecified "medical records" in her Complaint does not entitle her to consideration of specific medical records submitted in support of her Response.

1115(2) ("an insurer's delay or denial was unreasonable if the insurer delayed or denied authorizing payment of a covered benefit without a reasonable basis for that action").

The Complaint fails to plausibly allege a statutory bad faith claim for the same reasons it fails to allege a common law bad faith claim. The allegations in support of this claim are wholly conclusory recitations of the elements of the claim, without sufficient factual allegations to nudge the claim "across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1252 (10th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570); *see* (Doc. # 5 at ¶¶ 29–31). Therefore, the Motion is granted with respect to Plaintiff's statutory bad faith claim as well.

## IV.   CONCLUSION

For the foregoing reasons, Defendant Owners Insurance Company's Motion for Partial Dismissal of Plaintiff's Complaint (Doc. # 10) is GRANTED and Plaintiff's claims are dismissed without prejudice. Plaintiff shall have up and until April 25, 2021, to file an amended complaint that resolves the pleading deficiencies identified herein. Should Plaintiff fail to amend her complaint by that date, her claims will be dismissed with prejudice and the case will be closed.

DATED:  March 26, 2021

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge